IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | In Chapter 11 |
| ) | Case No. 10 B 49993 |
| MAXIM'S RESTAURANT, INC., ) | Honorable A. Benjamin Goldgar |
| ) | |
| Debtor-In-Possession ) | |

FINAL ORDER PERMITTING DEBTOR USE
OF CASH COLLATERAL BELONGING
TO INLAND BANK & TRUST

THIS CAUSE COMING ON TO BE HEARD on motion of Debtor, MAXIM'S RESTAURANT, INC. for entry of a final order permitting use of cash collateral belonging to Inland Bank & Trust ("Inland Bank"), notice of the motion having been given to the United States Trustee's Office, all parties holding liens upon the property and all creditors and the Court being duly advised in the premises:

IT IS HEREBY ORDERED that:

1. Debtor is hereby authorized to use Inland Bank's cash collateral pursuant to Section 363(c) of the Bankruptcy Code.

2. Cash collateral shall not be used for expenses other than those post-petition obligations on the budget, plus no more than ten percent (10%) of the total proposed expenditures except if otherwise agreed by the Inland Bank, a copy of which is attached hereto as Exhibit "1", and (ii) no payroll payments shall be made without simultaneous tax deposits being made in an amount equal to the applicable withholding and social security taxes for each employee.

3.  As adequate assurance to Inland Bank, Debtor grants to Inland Bank a lien upon assets acquired post-petition to the extent of cash collateral utilized plus monthly adequate assurance payments in the amount of $4,025.93.

4.  The Debtor will also permit the Inland Bank to inspect, upon reasonable notice, within reasonable hours, the Debtor's books and records and any information requested relating to its collateral.

5.  On or about the 20th day of each month during the pendency of this Order, Debtor shall submit a proposed budget for the following month to Inland Bank, through its counsel for its consent and approval of such budget, such consent not to be unreasonably withheld.

6.  The Debtor shall maintain and pay premiums for insurance to cover all of its assets from fire, theft and water damage.

7.  The Debtor shall, upon reasonable request, make available to Inland Bank evidence of that which constitutes its collateral or proceeds.

8.  The occurrence of any one or more of the following shall constitute an event of default:

    a.  This Order is stayed, reversed, vacated or modified on appeal or shall cease to be in full force and effect;

    b.  The material failure by the Debtor to perform any of its obligations under this Order and failure to cure the default within ten (10) days after receipt of written notice of the default;

    c.  The conversion of the Debtor's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code;

    d.  The appointment of a Chapter 11 Trustee;

    e.  The dismissal of the Debtor's bankruptcy case; or,

   f. The failure of the Debtor to timely submit a monthly budget to Inland Bank or to obtain the approval of such budget from Inland Bank.

  9. Upon Inland Bank's claim that the Debtor has failed to perform in accordance with the terms of this Order, the Debtor's right to use of Cash Collateral pursuant to this Order shall terminate if Debtor fails to cure the default after ten (10) day written notice to the Debtor and its counsel.

  10. Upon a default, Inland Bank may petition the Bankruptcy Court for relief from the automatic stay to exercise any and all rights and remedies it may have with respect to the Collateral or for other appropriate relief.

  11. Nothing in this order shall be construed to preclude the Illinois Department of Revenue from attempting to establish that funds held by the debtor-in-possession or any other party are held in trust for the Department and shall not preclude the Department from seeking additional relief with respect to those funds. Likewise, nothing in this order shall preclude the debtor-in-possession or any creditor from challenging any such assertions or contending that any such funds are not held in trust for the Department. The security interests provided for herein shall not diminish in any way the rights, if any, of the Department as a trust fund claimant to obtain possession of funds subject to its trust claims or to impose any additional liability on the holder of the trust funds to the extent allowed by law. Funds which the Court, after notice and hearing, may determine constitute trust funds of the Department shall not constitute the collateral of any secured creditor.

  12. Debtor's authorization for the use of Cash Collateral pursuant to this Order shall terminate on the earlier of (a) the entry of a Court order vacating this Order; (b) the occurrence of an event of default herein; or (c) the conversion of this case to one under Chapter 7, whichever shall occur first.

13. Nothing in this Order shall in any way restrict the scope or priority of Inland Bank's pre-petition liens, security interests or claims.

Dated: __0 8 DEC 2010__

ENTER:

_____
U.S. Bankruptcy Judge

Robert R. Benjamin (ARDC # 0170429)
Beverly A. Berneman (ARDC # 06189418)
GOLAN & CHRISTIE, LLP
Attorneys for Debtor
70 West Madison, Suite 1500
Chicago, Illinois 60602
312-263-2300

## Maxim's Restaurant, Inc.
10 B 49993

### Monthly Budget

| *Estimated Monthly Receipts* | | 114,000 |
|---|---:|---:|
| ***Estimated Monthly Expenses*** | | |
| AT&T | 250 | |
| Attorneys fees (deposit) | 1,500 | |
| Automatic Ice | 50 | |
| Cleaning | 150 | |
| Food and supplies | 34,900 | |
| Inland Bank | 4,026 | |
| Insurance | 2,500 | |
| Liquor | 4,000 | |
| Maintenace and repairs | 925 | |
| Pest Control | 150 | |
| Rent | 16,500 | |
| Sales Tax | 9,500 | |
| Supplies | 500 | |
| Waste and Disposal | 500 | |
| Wages and Taxes | 26,800 | |
| Utilities | 7,100 | |
| | 109,351 | |
| **Estimated Net Reciepts** | | |
| Receipts | 114,000 | |
| Expenses | 109,351 | |
| | 4,649 | |

{00110187.XLS /}


EXHIBIT 1