IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | In Chapter 11 |
| | ) | Case No. 10 B 49993 |
| MAXIM'S RESTAURANT, INC., | ) | Honorable A. Benjamin Goldgar |
| | ) | Motion Date: July 27, 2011 |
| Debtor-In-Possession. | ) | Motion Time: 9:30 a.m. |

### NOTICE OF MOTION

TO:   See Attached Service List

PLEASE TAKE NOTICE THAT on July 27, 2011, at the hour of 9:30 a.m., the **FIRST AND FINAL APPLICATION OF COUNSEL FOR THE DEBTOR TO APPROVE COMPENSATION** shall be heard by the Honorable Judge A. Benjamin Goldgar of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, in Room 613 at 219 South Dearborn, Chicago, Illinois. A copy of same is attached hereto and thereby served upon you. You may appear if you so see fit.

GOLAN & CHRISTIE LLP

### AFFIDAVIT OF SERVICE

I, Beverly A. Berneman, an attorney, certify that the above captioned Notice of Motion and First and Final Application of Counsel for the Debtor to Approve Compensation were served upon the parties who receive notice via CM/ECF filing and those who receive notice via Regular Mail with postage pre-paid from 70 W. Madison, Chicago, IL 60602 on July 1, 2011.

/s/*Beverly A. Berneman*
Beverly A. Berneman

GOLAN & CHRISTIE LLP
Attorneys for Debtor
70 West Madison Street, Suite 1500
Chicago, Illinois 60602
(312)263-2300

## SERVICE LIST

Patrick S. Layng
United States Trustee
219 S. Dearborn, #873
Chicago, IL 60604

Internal Revenue Service
Mail Stop 5010 CHI
230 S. Dearborn St
Chicago, IL 60604

D. Patrick Mullarkey
Tax Division (DOJ)
PO Box 55
Ben Franklin Station
Washington, DC 20044
(*Contested Matters)

IL Dept. of Employment Security
33 S. State Street
Chicago, IL 60603

Alpha Baking Company
36230 Treasury Center
Chicago, IL 60694

ComEd
PO Box 87522
Chicago, IL 60680

Empire Cooler Service
940 W. Chicago Ave.
Chicago, IL 60642

Fresh Start Produce
1250 West 42nd St.
Chicago, IL 60609

Associate Area Counsel, SB/SE
200 West Adams Street
Suite 2300
Chicago, IL 60606

United States Attorney
219 S. Dearborn Street
Chicago, IL 60604

James D. Newbold
Asst. Atty. General Revenue Litigation Bureau
Illinois Attorney General
100 W. Randolph St., 13th Floor
Chicago, IL 60601

Inland Bank & Trust
c/o William J. McKenna
Foley & Lardner LLP
321 N. Clark Street, Suite 2800
Chicago, IL 60654-5313

Christ Demos
1000 Lake Shore Plaza
Unit 13B
Chicago, IL 60611

Devanco Foods, Inc.
2055 Lunt Avenue
Elk Grove Village, IL 60007

Farmers Insurance Group
c/o Alan A. Candos Ins Agcy Inc.
8104 W 119th St.
Palos Park, IL 60464

Herschel Nelson
Phone Services
215 Plymouth Lane
Bolingbrook, IL 60440

2

Flood Brothers Disposal
17 W. 697 Butterfield Rd., Ste. E
Oakbrook Terrace, IL 60181

Hartford Fire Insurance Company
Bankruptcy Unit T-1-55
Hartford Plaza
Hartford, CT 06115

PB Produce
7922 W. Fletcher Ave.
Elmwood Park, IL 60707

Roins Produce Co.
2300 W. Lake St.
Chicago, IL 60612

TriMark Marlinn
6100 W. 73rd St., Ste. 1
Suite 1
Chicago, IL 60638

United Food Service
c/o Law Offices of Joel Cardis, LLC
2006 Swede Rd., Ste. 100
E. Norriton, PA 19401

A New Dairy, Inc.
1234 W. Randolph
Chicago, IL 60607

ABC/Amega Inc.
1100 Main Street
Buffalo, NY 14209

Bahramis & Co.
236 Waukegan Road
Glenview, IL 60025

Life Tech Inc.
3149 Glenwood Dyer Road
Lynwood, IL 60411

High Tech Mechanical & Refrigeration
3253 Sprucewood Ln.
Wilmette, IL 60091

Mark's Wholesale Meats, Inc.
935 Fulton St.
Chicago, IL 60607

Robert J. Weber
5406 W. Devon Ave.
Chicago, IL 60646

Supreme Lobster
220 E. North Ave.
Villa Park, IL 60181

U.S. Foodservice, Inc.
c/o Jay K. Levy & Assoc.
PO Box 1181
Evanston, IL 60201

20 North Clark Street, LLC
c/o Patrick B. Howell, Michael Gosman
Whyte Hirschboeck Dudek S.C.
555 East Wells St., Suite 1900
Milwaukee, WI 53202

A&R Diagnostic Service, Inc.
19 W 231 Landsfield Pl.
Downers Grove, IL 60516

Avaya Inc.
14400 Hertz Quail Spring Pkwy
Oklahoma City, OK 73134

Farmer Bros. Co.
PO Box 934237
Atlanta, GA 31193

Fire Science Techniques Ltd.
PO Box 217
Oak Forest, IL 60452

James Verros  
c/o Marquette Inn Restaurant  
60 W. Adams  
Chicago, IL 60603  

Orkin  
200 Howard Ave.  
Ste. 236  
Des Plaines, IL 60018  

Retail Business Supplies  
6 Davies Lane  
Plattsburgh, NY 12901  

Maxim's Restaurant, Inc.  
c/o Christ Demos  
1000 Lake Shore Plaza  
Unit 13B  
Chicago, IL 60611  

Muzak OA  
3318 Lakemont Blvd  
Fort Mill, SC 29708  

Performance Chemical & Supply Inc.  
22137 S. Govenors Hwy  
Richton Park, IL 60471  

Veterans Linen Supply Co.  
627 S. 89th St.  
Milwaukee, WI 53214  

SYSCO Food Services - Chicago, Inc  
250 Wieboldt Drive  
Des Plaines, IL 60016

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | In Chapter 11 |
| | ) | Case No.   10 B 49993 |
| MAXIM'S RESTAURANT, INC., | ) | Honorable A. Benjamin Goldgar |
| | ) | Motion Date: July 27, 2011 |
| Debtor-In-Possession. | ) | Motion Time:  9:30 a.m. |

### FIRST AND FINAL APPLICATION OF COUNSEL FOR THE DEBTOR TO APPROVE COMPENSATION

The law firm of GOLAN & CHRISTIE LLP ("G&C"), counsel for the Debtor, MAXIM'S RESTAURANT, INC. ("Debtor"), applies to this Court for an order approving the payment of fees in the amount $28,187.00 for services rendered from November 8, 2010 to June 22, 2011 and the costs of preparing this fee petition in the amount of $1,050.00 for a total of $29,237.00 plus expenses in the amount of $1,419.70 and in support thereof states as follows:

### I. JURISDICTION

This Court has jurisdiction over this Application pursuant to 28 U.S.C. §157 and §1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b).

### II. GENERAL BACKGROUND

On November 8, 2010, (the "Petition Date"), Debtor filed a voluntary petition relief under Chapter 11 of the United States Bankruptcy Code.

On December 6, 2011, this Court entered an order allowing the retention of Robert R. Benjamin, Beverly A. Berneman, Caren A. Lederer and Laura A. Balson, as counsel for the Debtor.

### III. CASE STATUS

Debtor operates a popular full service restaurant.

On June 22, 2011, this Court entered an order approving the Debtor's disclosure statement and confirming its Plan of Reorganization dated March 28, 2011 as amended on April 28, 2011.

### IV. DESCRIPTION OF THE APPLICATION FOR COMPENSATION

A.      General Information. Rule 2016(a) of the Bankruptcy Rules requires a detailed application for fees. The primary objective of this fee application is to reveal sufficient information to enable the court to determine whether the services rendered in representing the Debtor were reasonable, actual and necessary. G&C has provided accurate and detailed records of the services which were made contemporaneously with the services performed. *In re Chicago Lutheran Hospital Association*, 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988); *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

The statement of services includes a summary, by category, of the work done and time expended in each category. Much care has been taken to properly categorize the activities to the degree possible. Billing judgment was used to exclude hours which were excessive, redundant or otherwise unnecessary. *Hensley v. Eckerhart*, 461 U.S. 424, 76 L.Ed.2d 40, 103 S.Ct. 1933 (1983); In *re Temple Retirement Community, Inc.*, 97 B.R. 333 (Bkrtcy. W.D.Tex. 1989); *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

B.      Billing Entries. G&C uses computerized time and billing software in the preparation of a fee petition. This interim fee petition contains a narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity. It contains a statement explaining the significance of the activity as well as the purpose, necessity and appropriateness of each such service. Where appropriate, it contains a statement of the effectiveness of the activity, alternatives considered, method for choosing the action

taken, a statement of any difficult or unusual problems which arose in the case and the manner in which it was addressed. *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

  C.  <u>Hourly Charges.</u> G&C charges all clients, including for non-bankruptcy matters, $480.00 per hour for partner attorney time in court; $350.00 per hour for other partner attorney time, $275.00 per hour for associate time, $150.00 per hour for travel time and $80.00 per hour for paralegal time.

### V. BANKRUPTCY LOCAL RULE 5081-1 COMPLIANCE

Bankruptcy Local Rule 5081-1 governs applications for compensation and reimbursements for professional services in cases under Chapter 11. Counsel provides the following discussion in compliance with Bankruptcy Local Rule 5081-1.

### A. COVER SHEET
### *[LOCAL RULE 5082-1(A)]*

Counsel filed a cover sheet required by Local Rule 5082-1(A) simultaneously with the filling of this application for compensation.

### B. NARRATIVE SUMMARY
### *SUMMARY LIST OF ALL PRINCIPAL ACTIVITIES AND SUMMARY OF TOTAL COMPENSATION REQUESTED IN CONNECTION WITH EACH ACTIVITY*
### *[Local Rule 5082-1(B)(1)(a)]*

The summary of all activities is as follows:

| Activity Code | Description of Activity | Invoice Hours | Totals |
|---|---|---|---|
| ADM | Administration | 15.90 | 5,615.00 |
| AUTST | Automatic Stay | 0.30 | 105.00 |
| EXC | Executory Contracts | 4.20 | 1,509.00 |
| FEE | Fee Petition | 3.00 | 1,050.00 |
| FIN | Financing | 14.90 | 5,488.00 |
| PLAN | Plan | 42.90 | 15,470.00 |
| | | | |
| **TOTAL** | | **81.20** | **$29,237.00** |

3

## C. NARRATIVE SUMMARY
*SUMMARY OF ALL PRINCIPAL ACTIVITIES INCLUDING DETAILS AND DESCRIPTION OF EACH TASK AND ACTIVITY AND TOTAL COMPENSATION SOUGHT IN THE APPLICATION, HOURLY RATE FOR EACH PROFESSIONAL WITHIN EACH ACTIVITY AND NAME AND POSITION OF EACH PROFESSIONAL*
*[Local Rules 5082-1(B)(1)(b) and (d)]*

From November 8, 2010 to June 22, 2011, the Debtor has incurred $28,187.00[1] in fees at G&C's customary hourly fee rates, as is more fully set forth in Exhibit A.

The billing rates for each attorney and paraprofessional are identified in Exhibit A and in section V.E. below.

The following is a detailed narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity:

1.  *ADMINISTRATION*

The activities in the general administration category are those activities which are a necessary part of the representation of the Debtor, such as preparation of schedules and the statement of financial affairs, communications with the Debtor regarding the Debtor's operations, reviewing court proceedings, reviewing monthly operating reports and other court filings, employment of professionals, responding to inquiries from creditors, communicating the United States Trustee's office regarding issues related to the case and monitoring the Debtor's operations. The benefits of these services to the Debtor and its estate were both economic and non-economic. The economic benefits resulted in the Debtor operating smoothly during the reorganization process and assuring its compliance with the administrative requirements of a Chapter 11 debtor. The remainder of the services was of non-economic benefit to the Debtor by promoting the bankruptcy process and the smooth administration of the cases.

---

1 Exclusive of fees incurred in preparation of this fee petition in the amount of $1,050.00.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 10.70 | 350.00 | 3,745.00 |
| Beverly A. Berneman (BAB) | Partner | 4.50 | 350.00 | 1,575.00 |
| Beverly A. Berneman (BAB) | Partner | 0.50 | 480.00 | 240.00 |
| Laura A. Balson (LAB) | Associate | 0.20 | 275.00 | 55.00 |
| | | 15.90 | | $5,615.00 |

2.  *AUTOMATIC STAY*

G&C performed services to ensure that the shortened automatic stay for utilities remained in place to insure service to the Debtor. The services benefited the estate on an economic and non-economic basis by protecting the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Beverly A. Berneman (BAB) | Partner | 0.30 | 350.00 | 105.00 |

3.  *EXECUTORY CONTRACTS*

G&C brought a motion to assume the lease for Debtor's premises. Debtor's location is part of the key to its success. The assumption of the lease benefited the estate on an economic and non-economic basis by protecting the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

5

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 0.70 | 350.00 | 245.00 |
| Beverly A. Berneman (BAB) | Partner | 3.20 | 350.00 | 1,120.00 |
| Beverly A. Berneman (BAB) | Partner | 0.30 | 480.00 | 144.00 |
| | | 4.20 | | $1,509.00 |

4.  *FINANCING*

Debtor brought an emergency motion for use of cash collateral belonging to its secured lender. The motion was granted. Eventually, G&C was able to negotiate a final cash collateral order that included the preservation of any claims held by the Illinois Department of Revenue.

As Debtor began operating as a debtor-in-possession, it found itself in need of a temporary infusion of operating capital. G&C brought two motions to approve post-petition unsecured financing. Both motions were granted by the Court.

These services benefitted the estate on a non-economic basis by protecting the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 1.60 | 350.00 | 560.00 |
| Robert R. Benjamin (RRB) | Partner | 1.30 | 480.00 | 624.00 |
| Beverly A. Berneman (BAB) | Partner | 11.20 | 350.00 | 3,920.00 |
| Beverly A. Berneman (BAB) | Partner | 0.80 | 480.00 | 384.00 |
| | | 14.90 | | $5,488.00 |

5.  *PLAN*

G&C worked with the Debtor to develop a plan and draft a disclosure statement to accompany the plan. Ultimately, all impaired classes accepted the plan. On June 22, 2011, this Court entered an order approving the disclosure statement and confirming the plan. The services benefited the estate on an economic basis by developing a plan that will maximize the distribution to creditors

while allowing the Debtor to emerge from Chapter 11. The services benefitted the estate on a non-economic basis by protecting the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 12.50 | 350.00 | 4,375.00 |
| Robert R. Benjamin (RRB) | Partner | 2.40 | 480.00 | 1,152.00 |
| Beverly A. Berneman (BAB) | Partner | 26.90 | 350.00 | 9,415.00 |
| Beverly A. Berneman (BAB) | Partner | 1.10 | 350.00 | 528.00 |
| | | 42.90 | | $15,470.00 |

### D. NARRATIVE SUMMARY
### STATEMENT OF TIME AND TOTAL COMPENSATION SOUGHT IN THE APPLICATION FOR PREPARATION OF CURRENT OR PRIOR APPLICATION FOR COMPENSATION
### *[Local Rules 5082-1(B)(1)(c)]*

G&C requests reimbursement for the preparation of this First Interim Fee Petition. G&C has constructed this detailed analysis of the fee petition as an aid to the Court and the creditors in determining the reasonableness of the fees requested. Counsel reviewed the fee entries and conducted a "business judgment" audit to insure that the fees requested were reasonable and necessary to the administration of the estate.

An itemized breakdown of the time expended in preparing this First Interim Fee is attached hereto as Exhibit B. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Beverly A. Berneman (BAB) | Partner | 3.00 | 350.00 | $1,050.00 |

7

E. NARRATIVE SUMMARY
HOURLY RATE FOR EACH PROFESSIONAL FOR WHOM COMPENSATION
IS REQUESTED AND TOTAL NUMBER OF HOURS EXPENDED BY EACH
PERSON AND TOTAL COMPENSATION SOUGHT FOR EACH
*[Local Rules 5082-1(B)(1)(d)]*

The summary of each professional and the compensation appears in the Detailed Statements of Services which was attached as Exhibits A and B to the interim fee petition. The summary is as follows:

| Name (Initials) | Position | Hours | Rates | Total |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 25.50 | 350.00 | 8,925.00 |
| Robert R. Benjamin (RRB) | Partner | 3.70 | 480.00 | 1,776.00 |
| Beverly A. Berneman (BAB) | Partner | 49.10 | 350.00 | 17,185.00 |
| Beverly A. Berneman (BAB) | Partner | 2.70 | 480.00 | 1,296.00 |
| Laura A. Balson (LAB) | Associate | 0.20 | 275.00 | 55.00 |
| TOTAL | | 81.20 | | $29,237.00 |

F. NARRATIVE SUMMARY
STATEMENT OF COMPENSATION PREVIOUSLY SOUGHT AND ALLOWED
*[Local Rules 5082-1(B)(1)(f)]*

This is applicant's first fee petition and final fee petition.

G. NARRATIVE SUMMARY
TOTAL AMOUNT OF EXPENSES FOR WHICH REIMBURSEMENT
IS SOUGHT
*[Local Rules 5082-1(B)(1)(g)]*

G&C seeks reimbursement for out of pocket expenses in the amount of $1,419.70 consisting of the initial filing fee, amendment filing fee, overnight mail fees, postage and copying expenses.

### H. NARRATIVE SUMMARY
### STATEMENT AS TO WHETHER THE REQUESTED FEES AND EXPENSES ARE SOUGHT TO BE ALLOWED OR BOTH ALLOWED AND PAID
*[Local Rules 5082-1(B)]*

Counsel requests that the fees and expenses sought herein be allowed and paid.

Counsel is holding a pre-petition retainer in the amount of $11,062.50. Counsel is seeking leave to apply the retainer to the sums awarded herein.

### VI. CERTIFICATION

G&C certifies that it has hereby served a copy of the chronological itemization of services rendered to the Debtor. To date, G&C has not received an objection to the fees.

### VII. THE VALUE OF THE SERVICES FOR WHICH COMPENSATION IS SOUGHT AND PRESERVATION OF THE RETAINER

Section 330(a) of the Bankruptcy Code provides:

(a)    After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328 and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1003 of this title, or to the debtor's attorney:

(1)    reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a cases under this title; and

(2)    reimbursement for actual, necessary expenses.

The Bankruptcy Court has the independent authority and responsibility to determine the reasonableness of all fee requests, whether or not objections are filed. *In re Spanjer Brothers, Inc.*, 203 B.R. 85 (Bkrtcy. N.D.Ill., 1996); *In re Pettibone Corporation*, 74 B.R. 293 (Bkrtcy.N.D.Ill. 1987). The burden of proof is on the applicant to show that the fees incurred were actual and necessary. *In re Spanjer Brothers, Inc.*, 203 B.R. 85, 89 (Bkrtcy. N.D.Ill., 1996); *In re Chicago*

9

*Lutheran Hospital Association*, 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988); *In re Pettibone Corporation*, 74 B.R. 293 (Bkrtcy.N.D.Ill. 1987).

The representation of the Debtor adequately corresponds with the time and labor expended by G&C. The various issues involved required experienced bankruptcy counsel. G&C attorneys have over seventy (70) years combined experience in the area of bankruptcy law. Less experienced attorneys would not have handled the matters herein as efficiently and as effectively. Due to the substantial time expended on behalf of the Debtor, G&C was precluded from accepting cases requiring extensive representation during the initial phase of these cases. G&C was able to accomplish a great deal directed towards aiding the Debtor its reorganization efforts. Considering the results obtained by G&C the amounts involved are fair and reasonable. This Court has reviewed and ruled upon numerous fee applications and is in a position to determine that the rates herein are reasonable.

## VIII. OBJECTIONS

Any objections this fee application should be submitted in writing filed with this Court and delivered to counsel for the Debtor (address below) on or before July 22, 2011.

## IX. CONCLUSION

WHEREFORE, GOLAN & CHRISTIE LLP requests that this court enter an Order:

A. Determining that the legal services and fees incurred in this and prior fee petitions were necessary and reasonable;

B. Allowing final compensation as counsel for the Debtor in the amount of $28,187.00 for fees incurred from November 8, 2010 to June 22, 2011 plus the costs of preparing this fee petition in the amount of $1,050.00 for a total of $29,237.00;

C. Allowing reimbursement of out of pocket expenses in the amount of $1,419.70;

10

D. Granting G&C leave to apply the pre-petition retainer in the amount of $11,062.50 to the sums awarded herein; and

E. Granting such other and further relief as this court may deem just and proper.

GOLAN & CHRISTIE LLP

By: /s/ *Beverly A. Berneman*
 Beverly A. Berneman

Robert R. Benjamin (ARDC # 10070429)
Beverly A. Berneman (ARDC # 06189418)
GOLAN & CHRISTIE LLP
70 W. Madison, Ste. 1500
Chicago, Illinois 60602
(312) 263-2300

11